

_____
DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT**

CAPITAL ONE(Lender)
CEO, CFO, COO, Registered Agent Et, all
c/o COHN, GOLDBERG & DEUTSCH, LLC
600 BALTIMORE AVENUE SUITE 208
TOWSON, MARYLAND 21204
410-296-2558
www.cgd-law.com

    Case No. 15-16814-PM
    Chapter 13

    Movant

HOWARD YAN
11232 Green Watch Way
North Potomac, MD 20878

    Respondents



FILED
JUN - 3 2015
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

## MOTION IN OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM STAY

Affiant, Howard Yan, hereinafter "Respondent" does herewith solemnly swear, declare and state, the Respondent is competent to state these matters in the declaration, has knowledge of the facts and declared that it is to the best of her knowledge, the statements made in this affidavit are true, correct, and are not meant to mislead.

**JUDICIAL NOTICE:** All officers of this Court are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution, the Constitution of Maryland and the common law authorities of Haines v Kerner, 404 U.S. 519-421, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000), Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, In re Haines: pro se litigants are held to

less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000).

## THE PARTIES

Respondent Howard Yan is now and at all times relevant to this action, and a resident of the State of Maryland. Respondent is a "consumers" as that term is defined within 15 USC§1692a (3). The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

Movants are not the Respondents Creditors as the term in defined in 15 USC§1692a (4). The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Movants are "debt collectors" as that term is defined by 15 USC§1692a (6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the <u>term includes any creditor who, in the process of collecting his</u>

<u>own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.</u>

### STATEMENT OF FACTS

On February 9, 2012, the Attorney General announced that the federal government and 49 states had reached a settlement agreement with the mortgage servicers to address mortgage servicing, foreclosure, and bankruptcy abuses (the "National Mortgage Settlement"). The National Mortgage Settlement is the largest consumer financial protection settlement in United States history. The National Mortgage Settlement settles certain state and federal investigations relating to mortgage servicing abuses including **abuses in the bankruptcy process.**

Unfair practices as the term is defined in 15 USC §1692f(6): such term also includes any person taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

The Respondent objects to the Movants claims and challenges the validity of the claims of any and all creditors that are party to this action. The Movants is a Debt Collector posing as a creditor. The Movants motion does not contain or identify any person responsible for preparing and maintaining the account general ledger and the motion does not contain a complete accounting and all related documents to support their claim, the motion is not verified and has failed to provide specific facts supported with via sworn affidavit.

The Movant has practiced subterfuge as the term is defined as: deceit used in order to achieve one's goal by filing a pleading and scheduling a hearing for determination which

shortens the Respondents due process rights.

The Respondent believes the Movants actions constitute Intentional Misconduct as defined in 42 USC § 1791 (b) (8) intentional misconduct" legally means conduct by a person with knowledge (at the time of the conduct) that the conduct is harmful to the health or well-being of another person.

WHEREFORE, the Respondent moves the court to deny the Movants motion in whole or in part and permit the automatic stay in the Chapter 13 Bankruptcy Case No. 15-16814-PM to still be in effect and instruct the Movant to comply with the Consumer Financial Protection Bureau ruling.

*DENIED*

/s/ Howard Yan
HOWARD YAN
11232 Green Watch Way
North Potomac, MD 20878

## COMMERCIAL OATH AND VERIFICATION

The State of Maryland        )
                             )          Verified Declaration
County of Prince George's    )

Howard Yan, American National, natural person, non-corporate entity, under her Commercial Oath with unlimited liability proceeding in good faith being of sound mind states that the facts contained herein are true, correct, complete and not false, deceptive or misleading to the best of petitioners private firsthand knowledge and belief under penalty of perjury pursuant to 28 U.S.C. Section 1746, International Commercial and Common Law of The United States of America and the State of Maryland, with the sole purpose and inherent right to correct the record.

## EXPRESS SPECIFIC RESERVATION OF RIGHTS

I explicitly reserve all my natural rights as an American Secured Party Creditor under contract law of the Divine Creator without prejudice and, without recourse to me. I do not consent to compelled performance under any contract that I did not enter knowingly, voluntarily and intentionally. I do not accept the liability of the benefits or privileges of any unrevealed contract or commercial agreement.

*Howard Yan*

Howard Yan
sui juris, next friend
All Rights Reserved:
U.C.C. 1-207/ 1-308; U.C.C. 1-103
Non-Domestic without the US corp.
June __/__, 2015

## CERTIFICATION OF MAILING

I Howard Yan certify that a copy of the above listed motion was personally sent on June __1__, 2015 via United States Post Office Registered/Certified Mail receipt # 7014 2120 0000 3403 8740 to:

Nancy Spencer-Grigsby, Trustee
4201 Mitchellville Road, Suite 401
Bowie, MD 20716


CAPITAL ONE (Lender)
CEO, CFO, COO, Registered Agent, et al
c/o COHN, GOLDBERG & DEUTSCH, LLC
600 BALTIMORE AVENUE SUITE 208
TOWSON, MARYLAND 21204
410-296-2558
www.cgd-law.com

*DENIED*

_Howard Yan_
_____
Howard Yan

Subscribed and sworn to before me, in my presence, this
__1ST__ day of __JUNE__ __2015__, a Notary Public
in and for the __STATE__ of __MARYLAND__.
_Lindon E. Lawton_
Notary Public
My commission expires __20 AUG__, 20__17__